IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACK A. BEASLEY, #B-02622           )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )      CIVIL NO. 10-cv-587-JPG
                                    )
E. HAIRRS, *et al.*,                )
                                    )
        Defendants.                 )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jack A. Beasley, an inmate in Western Illinois Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, arising out of events that occurred while Plaintiff was housed in Pinckneyville Correctional Center. Plaintiff is serving a three year sentence for obstruction of justice and 30 month sentences for driving with license suspended/revoked. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff alleges that from the time he arrived at the Pinckneyville Correctional Center on August 20, 2009, to the date he was transferred to the Pontiac Correctional Center on February 10, 2010, the defendants were deliberately indifferent to his medical needs and violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Plaintiff's right leg is amputated below the knee, and he uses a prosthetic leg for mobility. In order for the leg to fit, and for Plaintiff to be able to walk properly, he must have special leg socks for his stump which should be changed every day, and must wear shoes on his foot and the prosthesis. He was transferred from Shawnee Correctional Center to Pinckneyville wearing no shoes and with only

one leg sock. Upon Plaintiff's arrival, he was placed in segregation. Plaintiff requested the return of his shoes and additional leg socks, but he did not get the shoes back until October 26, 2009, sixty-three days after his arrival.

In the meantime, Plaintiff developed painful sores on his stump and foot due to having to walk on the prosthesis without his shoes or the ability to change the leg sock. Worse, the foot on the prosthetic leg became broken because it was not designed to be used without a shoe. Plaintiff claims that despite his requests, he never received treatment for the sores. He had to endure pain from walking without the shoes or a change of socks, and the pain from his sores continued even after his shoes were returned. He also complains about the delay in repairing the broken prosthesis, which was not fixed until January 20, 2010. He faults Defendants Hairrs, Fenton, Obadina, Webb, and Dintelman for their deliberate indifference to his medical needs and violation of the ADA.

Plaintiff further alleges his due process rights were violated by Defendants Lutz, Dintelman, and Miller's failure to respond to his grievances.

Plaintiff requests a jury trial, and seeks an injunction requiring Defendants to properly treat the needs of disabled prisoners, compensatory damages of $150,000 against each Defendant jointly and severally, and punitive damages of $100,000 against each Defendant.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into four (4) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Counts 1 and 2 - Deliberate Indifference - Failure to Provide Prosthetic Supplies**

Count One will consist of Plaintiff's Eighth Amendment deliberate indifference claim against the Defendants; Count Two, based on the same conduct, will encompass Plaintiff's claim under the Americans with Disabilities Act (ADA).

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837.

Title II of the ADA prohibits public entities from denying qualified individuals with disabilities the opportunity to participate in the services, programs, or activities of the public entity because of their disabilities. 42 U.S.C. § 12132. The Supreme Court has held that the ADA applies to prisons. *See Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206 (1998). Furthermore, the Supreme Court in *U.S. v. Georgia*, 546 U.S. 151 (2006), recognized that an inmate may bring a private cause of action for damages pursuant to Title II of the ADA, if the state actor's conduct also violates the Eighth Amendment. The *Georgia* court held, "[I]nsofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." 546 U.S. at 159; *see also Toeller v. Wisconsin Dept. of Corrections*, 461 F.3d 871, 874 (7th Cir. 2006). The *Georgia* court observed:

> [I]t is quite plausible that the alleged deliberate refusal of prison officials to accommodate [Plaintiff]'s disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs constituted "exclu[sion] from participation in or ... deni[al of] the benefits of" the prison's "services, programs, or activities." (citing 42 U.S.C. § 12132).

*Georgia*, 546 U.S. 151, 158.

Based on his physical condition, Plaintiff is arguably a qualified disabled person for ADA purposes. 42 U.S.C. § 12102(1). Thus, if his allegations state a claim that the Defendants may have been deliberately indifferent to his disability-related needs for equipment or supplies to enable his mobility, or care for his hygiene or medical needs, he may proceed on his claim under

the ADA.

Plaintiff alleges that he requested Defendant Hairrs (Personal Property Officer) to return his Nike shoes and leg socks soon after his arrival at Pinckneyville. Defendant Hairrs told Plaintiff he had sent the shoes and extra leg socks to the Health Care Unit. Plaintiff filed a grievance on August 22, 2009, over the failure to provide his shoes, noting that he had a special needs permit for them from Stateville if this was needed. (Doc. 1-2, p. 6-7) Plaintiff also continued his verbal requests for the shoes and socks to Defendant Hairrs. In addition, Plaintiff complained of sores developing on his foot and stump starting on August 22, 2009, when he put in the first of several requests to be seen by the health care staff for these problems. He states he communicated with Defendant Fenton (Administrator of the Health Care Unit) about the problems he was experiencing due to the lack of shoes and leg socks.

He received a response from Defendant Fenton to his grievance over the failure to return his shoes on September 18, 2009, stating that after the doctor's approval, the needed items would be ordered. (Doc. 1-1, p. 1) When on October 7, 2009, he still had not received his shoes or leg socks, he wrote to Defendant Dintelman (Assistant Warden) asking for help to obtain these items, because he was suffering pain from his leg sores. (Doc. 1-1, p. 2)

When Plaintiff's shoes were finally returned to him on October 26, 2009, they were accompanied by a medical permission slip showing that Defendant Doctor Obadina had approved the shoes on October 8, 2009. (Doc. 1-1, p. 8) The lengthy delay (63 days) in receiving his shoes caused Plaintiff to experience pain and caused damage to the prosthetic leg, which was not repaired for another three months. In addition, even though the shoes were returned, Plaintiff's leg socks were never returned nor did he receive usable replacements to allow him to properly

care for the stump. This situation apparently continued until the time Plaintiff was transferred to another institution in February, 2010.

Plaintiff has alleged that he made these Defendants aware of his serious medical disability-related needs and the painful injuries that resulted from their failure to provide him with his shoes and leg socks. "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996); *Perkins v. Johnston*, 431 F. Supp. 2d 898, 901-02 (N.D. Ind. 2006) (failure to replace prosthesis that caused pain stated Eighth Amendment claim). Therefore, the Court at this stage cannot dismiss the deliberate indifference claim in Count One against the individual Defendants Hairrs, Fenton, Obadina, and Dintelman.

Because claims under Title II of the ADA must be brought against a governmental (i.e., public) entity, 42 U.S.C. § 12132, the Court will also allow Plaintiff's Title II claim based on the deliberately indifferent failure to provide prosthetic supplies to proceed against these Defendants in their official capacities, under Count Two.

**Count 3 - Deliberate Indifference - Medical Care**

Plaintiff requested medical treatment on August 22, 2009, for sores on his foot and stump. When he was seen by Defendant Doctor Obadina, Plaintiff claims this defendant refused any treatment for the painful sores, but instead referred him to a physical therapist and orthotist. Plaintiff made several other requests for treatment of his sores but states he never was treated. Plaintiff did eventually see the physical therapist, but still claims he received no treatment for his sores. Plaintiff did not see the orthotist (Defendant Webb) until January 20, 2010. This was the

date his prosthetic leg was finally repaired. He was also given two pairs of leg socks by Defendant Webb, but they were not the right size.

While negligent treatment or even malpractice by a medical professional does not state a constitutional claim, *see Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008), Plaintiff here alleges that he received no treatment at all for a painful condition that persisted over several months. *See Gutierrez,* 111 F.3d at 1373. Therefore the claim against Defendant Obadina cannot be dismissed at this stage.

However, the orthotist would not have been responsible for treating sores, nor did Plaintiff allege Defendant Webb was asked or refused to treat the sores. The only allegation against Defendant Webb is that he gave Plaintiff the wrong size of socks. This does not state a claim for deliberate indifference and thus Defendant Webb must be dismissed from this action.

**Count 4 - Due Process Failure to Respond to Grievances**

Plaintiff complains that his due process rights were violated by Defendants Lutz, Miller, and Dintelman, who failed to respond to his grievances filed over the failure to return his shoes and leg socks.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, Plaintiff fails to state a claim upon which relief may be granted, and Count 4 against Defendants Lutz, Miller, and Dintelman must be dismissed with prejudice.

**Disposition**

IT IS HEREBY ORDERED that **COUNT FOUR** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice. **DEFENDANTS LUTZ** and **MILLER** are **DISMISSED** from this action with prejudice. The claim in **COUNT FOUR** against **DEFENDANT DINTELMAN** is **DISMISSED** with prejudice.

IT IS FURTHER ORDERED that **DEFENDANT WEBB** is **DISMISSED** from this action without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall prepare for Defendants **HAIRRS, FENTON, OBADINA** and **DINTELMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636©, *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED:   February 25, 2011**

                                                                       *s/J. Phil Gilbert*
                                                                       **United States District Judge**