IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACK A. BEASLEY, #B-02622, )
)
      Plaintiff, )
)
vs. ) CIVIL NO. 10-cv-587-JPG-PMF
)
E. HAIRRS, CRISEY FENTON, )
OLUKUNLE OBADINA, and CHARLES )
DINTELMAN, )
)
      Defendants. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Doc. 26), requesting the Court to reinstate Defendants Dan Webb, Counselor Lutz, and Jackie Miller, who were dismissed from this action in this Court's order of February 25, 2011 (Doc. 15).

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion was filed within 28 days of the entry of the challenged order, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it.[1] *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006).

---

[1] As of December 1, 2009, motions under Rule 59(e) must be filed "no later than 28 days after the entry" of the challenged order.

A motion to alter or amend filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In his complaint, Plaintiff alleged that Defendant Webb failed to properly remedy the problems with Plaintiff's prosthetic leg. The Motion for Reconsideration reiterates this claim and notes that Defendant Webb did "not provid[e] the right treatment for 4 months." Plaintiff saw Defendant Webb in October 2009 and January 2010, for assessment or service of his prosthesis, thus there was some treatment rendered, albeit unsatisfactory. This Court dismissed the claim against Defendant Webb because negligent or ineffective treatment does not state a claim upon which relief could be granted. Nothing in the Motion to Reconsider shows any mistake of law or fact, or presents any newly discovered evidence, that would entitle Plaintiff to an altered or amended order under Rule 59(e). Nor has he stated any grounds for relief within the scope of Rule 60(b).

Likewise, the claim against Defendants Lutz and Miller was dismissed because the failure to properly or timely process a grievance does not state a constitutional claim, even if, as Plaintiff asserts, it may have resulted in a delay in Plaintiff receiving proper treatment for his medical issues. Plaintiff also argues that these Defendants' failure to process his grievance denied him access to the courts, a claim not raised in the original complaint. Even if this claim had been presented earlier, it must fail, as an inmate has no constitutional claim for denial of access to a court unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). Plaintiff's primary claims, that he was denied proper treatment for his serious medical needs, have survived threshold review and will proceed to be considered by the U.S. Magistrate in this Court. Plaintiff has failed to show any impediment to his case as a result of Defendant Lutz or Miller's actions, and he has no viable independent claim for the improper handling of his grievance.

Upon review of the record, the Court remains persuaded that its ruling dismissing Defendants Webb, Lutz, and Miller pursuant to 28 U.S.C. § 1915A was correct. Therefore, the Motion for Reconsideration (Doc. 26) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 23, 2011**

       *s/J. Phil Gilbert*
       **United States District Judge**