# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACK A BEASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. <u>3:10-cv-00587-JPG-PMF</u> |
| | ) |
| E HAIRRS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## <u>REPORT AND RECOMMENDATION</u>

**FRAZIER, Magistrate Judge:**

Before the Court is the defendants' (Doc. 69) motion for summary judgment. The plaintiff has not responded to the motion. For the following reasons, it is recommended that the defendants' (Doc. 69) motion for summary judgment be granted.

### I. BACKGROUND

On August 5, 2010, the plaintiff, Jack A. Beasley, filed a four-count complaint against eight defendants pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights under the U.S. Constitution while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). On February 25, 2011, the Court screened the complaint pursuant to its authority in 28 U.S.C. § 1915A and dismissed one count and four defendants from this case. *See* Doc. 15 at 9. The Court also found that the Beasley stated claims for deliberate indifference in violation of the Eighth Amendment and the Americans with Disabilities Act ("ADA") (Counts 1 & 2) against defendants Hairrs. Fenton, Obadina, and Dintelman, and deliberate indifference to serious medical needs (Count 3) against defendant Obadina. *See id.* at 4-8. In the screening order, the Court summarized the relevant allegations of this case as follows:

1

> Plaintiff alleges that from the time he arrived at the Pinckneyville Correctional Center on August 20, 2009, to the date he was transferred to the Pontiac Correctional Center on February 10, 2010, the defendants were deliberately indifferent to his medical needs and violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Plaintiff's right leg is amputated below the knee, and he uses a prosthetic leg for mobility. In order for the leg to fit, and for Plaintiff to be able to walk properly, he must have special leg socks for his stump which should be changed every day, and must wear shoes on his foot and the prosthesis. He was transferred from Shawnee Correctional Center to Pinckneyville wearing no shoes and with only one leg sock. Upon Plaintiff's arrival, he was placed in segregation. Plaintiff requested the return of his shoes and additional leg socks, but he did not get the shoes back until October 26, 2009, sixty-three days after his arrival.
> In the meantime, Plaintiff developed painful sores on his stump and foot due to having to walk on the prosthesis without his shoes or the ability to change the leg sock. Worse, the foot on the prosthetic leg became broken because it was not designed to be used without a shoe. Plaintiff claims that despite his requests, he never received treatment for the sores. He had to endure pain from walking without the shoes or a change of socks, and the pain from his sores continued even after his shoes were returned. He also complains about the delay in repairing the broken prosthesis, which was not fixed until January 20, 2010. He faults Defendants Hairrs, Fenton, Obadina, Webb, and Dintelman for their deliberate indifference to his medical needs and violation of the ADA. …
> Plaintiff requests a jury trial, and seeks an injunction requiring Defendants to properly treat the needs of disabled prisoners, compensatory damages of $150,000 against each Defendant jointly and severally, and punitive damages of $100,000 against each Defendant.

*Id*. at 2-3.

The Court dismissed defendants Harris and Obadina without prejudice on August 23, 2011, after those defendants could not be served with process. *See* Doc. 59. On March 19, 2012, the remaining defendants (Fenton and Dintelman) filed the instant (Doc. 69) motion for summary judgment on the remaining claims (Counts 1 and 2). A notice warning the *pro se* plaintiff of the consequences of failing to respond to motion for summary judgment (Doc. 71) was also filed in compliance with the law of this Circuit. *See Bryant v. Madigan*, 84 F.3d 246, 247 (7th Cir. 1996); *see also Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). Beasley did not file anything within the allowable window for a response to the motion. The Court then issued an

order directing Beasley to show cause why judgment should not be entered for the remaining defendants. *See* Doc. 72. Beasley did not respond to the order to show cause.

## II. DISCUSSION

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

### A. Count 1 (Deliberate Indifference)

With regard to Count 1 (deliberate indifference), the remaining defendants argue that they are entitled to summary judgment because they did not have the authority to grant Beasley's requests for specific treatment. In support, the defendants submit their own affidavits and Beasley's deposition transcript. Doc. 70-1. This undisputed evidence demonstrates the remaining defendants did not supervise prison doctors and could not order them to make specific treatment decisions for patients under the prison doctor's care. The submitted evidence, left uncontested, also demonstrates the remaining defendants acted reasonably in response the plaintiff's requests and did not intentionally, or even negligently, disregard his serious medical needs. Therefore, the remaining defendants cannot be held liable in their individual capacities under a theory of deliberate indifference to serious medical needs constituting cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution. *See Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) ("Deliberate indifference is more than negligence and approaches

3

intentional wrongdoing … [and] is essentially a criminal recklessness standard, that is, ignoring a known risk."); *see also, e.g., Williams v. Guzman*, 346 Fed.Appx. 102, 106, 2009 WL 3198745, 4 (7th Cir. 2009) (affirming grant of summary judgment in an unpublished decision when there was no evidence that defendants acted with a culpable state of mind because they played no part in the doctors' treatment decisions) (citing *Snyder*, 444 F.3d at 586; *Comstock v. McCrary*, 273 F.3d 693, 712 (6th Cir. 2001); *Camberos v. Branstad*, 73 F.3d 174, 177 (8th Cir. 1995)).

The plaintiff has failed to file a response to the instant motion despite being repeatedly warned of the consequences for such a failure. In this situation, summary judgment is appropriate for the moving party. *See, e.g.,* FED. R. CIV. P. 56(e) (the failure to support or properly address a fact may be grounds to consider a fact undisputed or summary judgment may be granted if the facts show that the movant is so entitled); *see also* SDIL-LR 7.1(c) (The lack of response to a motion for summary judgment may be construed as admission on the merits of the motion). The undisputed facts, here, show that the remaining defendants are entitled to summary judgment on Count 1 (deliberate indifference).

**B. Count 2 (ADA)**

With regard to Count 2 (ADA) of the complaint, the Court stated the following in its initial screening order:

> Title II of the ADA prohibits public entities from denying qualified individuals with disabilities the opportunity to participate in the services, programs, or activities of the public entity because of their disabilities. 42 U.S.C. § 12132. The Supreme Court has held that the ADA applies to prisons. *See Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206 (1998). Furthermore, the Supreme Court in *U.S. v. Georgia*, 546 U.S. 151 (2006), recognized that an inmate may bring a private cause of action for damages pursuant to Title II of the ADA, if the state actor's conduct also violates the Eighth Amendment. The *Georgia* court held, "[I]nsofar as Title II creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." 546 U.S. at

159; *see also Toeller v. Wisconsin Dept. of Corrections*, 461 F.3d 871, 874 (7th Cir. 2006). The *Georgia* court observed:

> [I]t is quite plausible that the alleged deliberate refusal of prison officials to accommodate [Plaintiff]'s disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs constituted "exclu[sion] from participation in or ... deni[al of] the benefits of" the prison's "services, programs, or activities." (citing 42 U.S.C. § 12132).
>
> *Georgia*, 546 U.S. 151, 158.
> Based on his physical condition, Plaintiff is arguably a qualified disabled person for ADA purposes. 42 U.S.C. § 12102(1). Thus, if his allegations state a claim that the Defendants may have been deliberately indifferent to his disability-related needs for equipment or supplies to enable his mobility, or care for his hygiene or medical needs, he may proceed on his claim under the ADA.
> …
> Because claims under Title II of the ADA must be brought against a governmental (i.e.,public) entity, 42 U.S.C. § 12132, the Court will also allow Plaintiff's Title II claim based on the deliberately indifferent failure to provide prosthetic supplies to proceed against these Defendants in their official capacities, under Count Two.

Doc. 15 at 4-7. In sum, the Court found that Beasley stated a claim for damages under Title II of the ADA against the remaining defendants in their official capacities, which is essentially a claim against the state entity itself for the stated allegations in the complaint. *See id.* Beasley's request for relief also contains a request for injunctive relief. Because the remaining defendants have raised the issue and submitted supporting evidence, the burden is shifted upon Beasley to come forward with at least some evidence demonstrating the a genuine issue of material fact exists for trial as to whether the state entity (1) intentionally acted on the basis of the disability, (2) refused to provide a reasonable modification, or (3) had a rule that disproportionally impacts disabled people. *See* FED. R. CIV. P. 56; *see also Wisconsin Community Services, Inc. v. City of Milwaukee*, 465 F.3d 737, 753 (7th Cir. 2006) (citing *Washington v. Indiana High Sch. Athletic Assoc.*, 181 F.3d 840, 847 (7th Cir. 1999)). Beasley has submitted no such evidence. Summary judgment is appropriate for the defendants.

### III. RECOMMENDATION

For the forgoing reasons, it is recommended that the defendants' (Doc. 69) motion for summary judgment be granted as follows:

It is recommended that judgment be entered in favor of defendants Fenton and Dintelman on Counts 1 and 2 of the complaint at the conclusion of this case.

If this Report and Recommendation is adopted in its entirety, there will be no further issues requiring the Court's attention and this case may be closed. Magistrate Judge Frazier referral terminated.

SO RECOMMENDED.

DATED: May 29, 2012.

*/s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**